IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-00014-NJR-MAB |
| | ) |
| FEDEX SUPPLY CHAIN, INC., and | ) |
| THEODORE SINGLETON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss filed by Defendant FedEx Supply Chain, Inc. ("FedEx") (Doc. 8). For the reasons set forth below, the motion is granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wendy Brooks alleges she experienced sexual harassment from male co-workers and supervisors on a continuous basis while employed at FedEx in Edwardsville, Illinois (Doc. 1, Ex. 1, p. 1). She alleges that Theodore Singleton, a co-worker and supervisor, subjected her to unwelcome sexually suggestive remarks, gestures, and physical contact (*Id.* at p. 13). Brooks reported the harassment to her managers, and she filed a complaint with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment Opportunity Commission ("EEOC") (*Id.* at pp. 2, 13-20). Brooks alleges that FedEx terminated her, in retaliation for the complaints (*Id.* at pp. 14, 19).

Brooks attached an exhibit to her Complaint, titled "State of Illinois Department

of Human Rights Investigation Report" ("the Report") (*Id.* at pp. 28-33). In the Report, Brooks complained that Singleton sexually harassed her from January 2016 through July 2017 (*Id.* at p. 29). When Brooks would bend over to clean, Singleton would walk by her and comment, "Oh, don't be bending over like that" (*Id.*). She normally told him to "[g]et a life" (*Id.*). This happened about twice a week from the beginning of 2016 until April 2017 (*Id.*). On one occasion in December 2016, Brooks was trying to walk out a door as Singleton was walking in (*Id.*). Singleton "squeezed by her, with the front of his full body against the front of her body," and his body touched her breasts (*Id.*). Brooks asked, "Is that really necessary?" and Singleton just laughed (*Id.*). In February 2017, Brooks was bent over to fill a mop bucket, and Singleton walked by her and slapped her on her buttocks (*Id.*). Brooks slapped Singleton on the chest and told him never to touch her again (*Id.*). In April 2017, Singleton pointed at Brooks while thrusting his pelvis towards her, as Brooks drove by in a golf cart (*Id.*). Two other co-workers witnessed the harassment, and one of them reported it to management (*Id.*). Brooks also talked to management about the incident (*Id.*).

Brooks was moved to another location in May 2017, where she was isolated from Singleton (*Id.* at p. 30). In July 2017, Brooks was moved back to her previous location and had to interact with Singleton again (*Id.*). That same month, Brooks was showing a new male co-worker around the facility, and Singleton walked up to Brooks and asked, "Are you going to find a place to fuck him?" (*Id.*). Both Brooks and her new co-worker reported Singleton's comment to management (*Id.*). This was the last incident of harassment (*Id.*).

The Report includes Singleton's response to Brooks's allegations (*Id.* at p. 30).

According to Singleton, he and Brooks were friends at work, and they often talked about work and personal issues (*Id.*). They would sometimes hug as friends, but never in an inappropriate manner (*Id.*). Singleton stated that in 2015 or 2016, Brooks sent him a nude picture that he did not ask for (*Id.*). Singleton denied commenting about Brooks in a bent-over position, purposely touching her breasts with his body, slapping her buttocks, or asking if she was trying to find a place to have sex with another male co-worker (*Id.* at pp. 30-31). Singleton admitted he saw Brooks drive by in a golf cart and lifted his pant leg to mimic the way she was sitting, but denied thrusting his pelvis towards her (*Id.* at p. 31). Singleton believes the other co-worker who complained about the incident was Singleton's former fiancé who also worked at FedEx and was "a very jealous person" (*Id.* at pp. 30-31).

Brooks received a Right-to-Sue Letter from the EEOC on August 13, 2018 (*Id.* at p. 21) and commenced this action on November 7, 2018, in the Circuit Court of the Third Judicial Circuit in Madison County, Illinois (*See* Doc. 1, Ex. 1). Brooks alleges four counts against FedEx under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq* ("Title VII"): hostile work environment sexual harassment (Count I); retaliation for reporting hostile work environment sexual harassment (Count II); gender discrimination (Count III); and retaliation for reporting gender discrimination (Count IV) (*Id.* at pp. 1-6). Brooks alleges three counts against Singleton: hostile work environment sexual harassment, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. seq* ("IHRA") (Count V); retaliation for reporting hostile work environment sexual harassment, in violation of the IHRA (Count VI); and intentional infliction of emotional distress (*Id.* at pp. 7-11). She seeks

reasonable attorney's fees, costs, and compensatory and punitive damages (*Id.* at pp. 1-11).

On January 4, 2019, Defendants removed the case to this Court (Doc. 1). The Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. On January 11, 2019, FedEx filed a motion to dismiss, arguing the Complaint fails to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) (Doc. 8). Brooks timely opposed the motion (Doc. 20).

## DISCUSSION

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Claims filed within the federal courts are governed by the Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Id.* A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff still must provide only enough detail to give the

defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang v. TCF Nat. Bank*, 249 F. App'x 464, 466 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 555 (2007)). For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). At the Rule 12(b)(6) stage, a district court may consider exhibits attached to the complaint. *Thompson v. Ill. Dept. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

## I. Hostile Work Environment Sexual Harassment

Count I of the Complaint alleges sexual harassment in the form of a hostile work environment against FedEx. The claim proceeds under Title VII, which prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Sexual harassment is a form of discrimination that Title VII prohibits. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-66 (1986). There are two types of sexual harassment: (1) "hostile work environment sexual harassment," where the harassment creates a work environment that is hostile or abusive to the plaintiff, *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007); and (2) "*quid pro quo* sexual harassment," where "submission to sexual demands is made a condition of tangible employment benefits," *Dockter v. Rudolf Wolff Futures, Inc.*, 913 F.2d 456, 461 (7th Cir. 1990).

To state a claim for hostile work environment sexual harassment, a plaintiff must allege: "(1) she was subjected to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability." *Boumehdi*, 489 F.3d at 788 (internal citations omitted).

FedEx argues Brooks's Complaint only contains boilerplate labels and legal conclusions and fails to set forth the minimal factual allegations necessary to state a plausible claim. FedEx asserts the Complaint fails to articulate who harassed Brooks, when the harassment occurred, or the nature of the harassment.

FedEx apparently does not consider the facts set forth in the IDHR Investigation Report attached to the Complaint. Because the report was filed with the Complaint as an exhibit, it can be considered at the Rule 12(b)(6) stage. *Northern Indiana Gun & Outdoors Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see Pilla v. Delaware River Port Authority*, No. CIV. A. 98-5723, 1999 WL 345918, at *1 n.1 (E.D. Penn. May 7, 1999) (considering additional facts in an EEOC document attached to the complaint when ruling on a 12(b)(6) motion to dismiss). Moreover, if the Court were to reach the opposite conclusion and grant FedEx's motion to dismiss, Brooks would be granted leave to file an Amended Complaint to correct any insufficiencies. For purposes of economy and efficiency, the Report will be considered as part of the pleading.

According to the allegations in the IDHR Investigation Report, from January 2016 through July 2017, Singleton made sexual comments about Brooks bending over to perform work duties about twice a week; rubbed his body against her breasts while

walking through a door; slapped her buttocks; pointed at her while thrusting his pelvis; and asked whether her and another male co-worker were trying to find a place to have sex. Brooks alleges she reported the harassment to management on multiple occasions.[1]

These factual allegations clearly satisfy the pleading standards for the first two elements of a hostile work environment sexual harassment claim, *i.e.*, that Brooks was "subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature." *Rennie v. Dalton*, 3 F.3d 1100, 1107 (7th Cir. 1993).

Brooks also sufficiently alleges conduct that is "sufficiently severe or pervasive" as to create an abusive or hostile work environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). An environment is "hostile" or "abusive" when it is both objectively and subjectively offensive. *Boumehdi*, 489 F.3d at 788. Brooks complained about Singleton's conduct to managers, which demonstrates she was subjectively offended by his actions. *See Id.* (where the plaintiff's numerous complaints provided sufficient evidence she was subjectively offended by the alleged harassment). Brooks also alleges conduct that is objectively offensive. When determining whether harassment is objectively offensive, the Court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically

---

[1] The Court recognizes that the IDHR Report also contains Singleton's response, in which he denies sexually harassing Brooks. But Singleton's statements do not preempt Brooks's allegations, because the Report does not form the basis of her claim. *See Northern Indiana Gun & Outdoors Shows, Inc.*, 163 F.3d at 456 ("In addition to comparing the statements in attached exhibits to a plaintiff's allegations, courts should also consider the type of document in which the statement is being made and for what purpose the document is being offered . . . [I]t would be unwise to accept [] unilateral statements as explaining the entire story at this early point in the litigation").

threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23.

Brooks alleges instances of uninvited physical contact, where Singleton touched her breasts and buttocks. She also alleges obscene gestures and comments, such as Singleton thrusting his pelvis towards her in a sexual manner and asking her whether she was going to "find a place to fuck" another co-worker. She also states the harassment occurred about twice each work from January 2016 to July 2017.

It is impossible to determine the context and exact nature of the alleged harassment from the pleadings. At a later stage of the litigation, Singleton's actions may be proven (if at all) to amount to unactionable behavior that is not "objectively offensive." On the other hand, his conduct may be proven to be the type that Title VII prohibits. Regardless, a motion to dismiss does not test whether a plaintiff will ultimately prevail— it merely tests the sufficiency of the complaint. At this juncture, Brooks has met her burden of plausibly alleging conduct that is sufficiently "severe or pervasive" to create a hostile or abusive work environment. *See Cotton v. South Suburban Hosp.*, No. 02 C 6000, 2002 WL 31572116 (N.D. Ill. Nov. 19, 2002) (denying a motion to dismiss a Title VII claim because, at that stage, the Court could not determine "the extent of the harassment"); *Szany v. Garcia*, No. 2:17 CV 74, 2018 WL 656360 (N.D. Ind. Jan. 30, 2018) (stating, "Although plaintiff may not ultimately prevail on her hostile work environment claim in the later stages of litigation, that is not the question the court faces at this time").

Notably, Brooks alleges she was subjected to sexual harassment by "supervisors" and "co-workers," but she does not allege any factual allegations against anyone but

Singleton. Thus, Brooks's hostile environment sexual harassment claim may only proceed to the extent it is based on Singleton's conduct.

Finally, to state a claim for hostile work environment sexual harassment, Brooks also must allege a basis for employer liability. An employer's liability "depends upon whether the harasser is the victim's supervisor or merely a co-employee." *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). When a supervisor is the harasser, the employer is generally vicariously liable for the hostile environment. *Id.* "Because employers do not entrust mere co-employees with any significant authority with which they might harass a victim, employers are liable for a co-employee's harassment only when they have been negligent either in discovering or remedying the harassment." *Id.* (internal quotations and citations omitted).

Brooks refers to Singleton as both a co-worker and a supervisor. Despite this ambiguity, Brooks has alleged employer liability under either situation. If Singleton was Brooks's supervisor, FedEx may be vicariously liable for the harassment. Alternatively, if Singleton was her co-worker, FedEx may be liable for negligently failing to remedy the problem. Brooks alleges she and other co-workers reported Singleton's behavior, yet the harassment continued. This implies FedEx knew of and ignored the sexual harassment. Accordingly, Brooks sufficiently alleges a basis for employer liability regardless of whether Singleton was a supervisor or a co-worker. *See Cortes-Devito v. Vill. of Stone Park*, 390 F. Supp. 2d 706, 712-13 (N.D. Ill. May 31, 2005) (finding a plaintiff alleged employer liability because she "implied that her employer knew of and ignored the harassment"). FedEx's motion to dismiss is denied as to Count I.

## II. Gender Discrimination

Count III of the Complaint alleges gender discrimination against FedEx, in violation of Title VII. FedEx contends Brooks must allege the *prima facie* elements of a gender discrimination claim to survive a motion to dismiss, namely, that: "(1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectation; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated individuals who are not members of her protected class." *Compton v. Lowe's Cos., Inc.*, No. 08-cv-809-JPG, 2010 WL 2803983, at *2 (S.D. Ill. July 15, 2010) (citing *Barricks v. Eli Lily & Co.*, 481 F.3d 556, 559 (7th Cir. 2007)).

In order to adequately plead a claim of gender discrimination, a plaintiff is required to allege much less than what is required to establish a *prima facie* case. *Id.* The Seventh Circuit has explained, "[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). To state a claim for gender discrimination under Title VII, a plaintiff only needs to allege "that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

But under either standard, Brooks fails to allege a gender discrimination claim. She appears to allege gender discrimination based on sexual harassment. To this extent, Counts I and II are duplicative because sexual harassment is a form of gender discrimination. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-66 (1986) (recognizing sexual harassment as a form of gender discrimination); *Brownlee v. Catholic Charities of the*

*Archdiocese of Chicago*, Case No. 16-cv-00665, 2017 WL 770997, at *3 (N.D. Ill. Feb. 28, 2017) (striking the plaintiff's constructive discharge and sex discrimination claims as duplicative of her sexual harassment claim); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 590 (S.D. N.Y. Mar. 25, 2011) (dismissing gender discrimination claim as duplicative of sexual harassment and hostile work environment claim in action under 42 U.S.C. § 1983); *Cockrell v. Greene County Hosp. Bd.*, 7:17-cv-00333-LSC, 2018 WL 1627811, at *6 (N.D. Ala. Apr. 4, 2018) (explaining that claims for gender discrimination and sexual harassment under Title VII are duplicative). If Brooks purports to allege a separate basis for gender discrimination, her Complaint fails to state a claim. The Complaint does not identify any discriminatory action other than sexual harassment and only alleges barebone legal conclusions of gender discrimination. Accordingly Count III is dismissed without prejudice for failure to state a claim.

### III.   Retaliation

Counts II and IV of the Complaint allege FedEx retaliated against Brooks for reporting sexual harassment and for reporting gender discrimination. Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3. "To state a claim for retaliation under Title VII, a plaintiff must allege that "[s]he engaged in statutorily protected activity and suffered an adverse action as a result of that activity." *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (international quotations omitted).

FedEx argues Brooks fails to state a claim because she "provides no detail regarding the type of discriminatory conduct she reported, how she reported the conduct,

to whom she reported the conduct, when she reported the conduct, or when she allegedly was retaliated against for reporting the conduct." FedEx also faults Brooks for not identifying the adverse action taken against her. Again, FedEx does not consider any of the allegations in the IDHR Report. When incorporating those factual allegations into the Complaint, Brooks states a retaliation claim for reporting sexual harassment.

Brooks alleges she engaged in statutorily protected activities by internally reporting gender discrimination and sexual harassment to FedEx and filing a formal EEOC charge for the same. Filing an EEOC charge is "the most obvious form of statutorily protected activity," *Silverman v. Bd. of Educ. of City of Chicago*, 637 F.3d 729, 740 (7th Cir. 2011) (overruled on other grounds by *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016), and the Seventh Circuit also recognizes internal reporting as a statutorily protected activity, *see Rizzo v. Sheahan*, 266 F.3d 705, 715 (7th Cir. 2001). Brooks further alleges that FedEx fired her because she reported the discrimination and sexual harassment. Accordingly, she has stated a claim for retaliation under Title VII.

But Brooks alleges two counts of retaliation; one for reporting sexual harassment and one for reporting gender discrimination. As already explained, sexual harassment is a form of gender discrimination, and the Complaint does not allege Brooks experienced any type of gender discrimination other than sexual harassment. Thus, to the extent Brooks alleges she was retaliated against for reporting gender discrimination based on sexual harassment, Count IV is duplicative of Count II. To the extent Brooks attempts to allege she was retaliated against for reporting another form of gender discrimination, Count IV fails to state a claim. Accordingly, Count IV is dismissed without prejudice.

### IV. Punitive Damages

Brooks seeks punitive damages against FedEx for knowing about the sexual harassment and retaliatory discharge, yet approving or ratifying the unlawful actions. A plaintiff may recover punitive damages under Title VII if he or she "demonstrates that the [defendant] engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1).

FedEx argues Brooks's claim for punitive damages should be dismissed because she fails to allege any facts sufficient to state an entitlement to punitive damages under any counts. But Brooks states she complained about Singleton's conduct internally to FedEx, yet the conduct continued. At this point, it is too premature to tell whether Brooks can demonstrate FedEx acted with malice or reckless indifference to her rights. But she has at least stated a claim for punitive damages. FedEx's motion to dismiss is denied as to Brooks's claims of punitive damages.

### Conclusion

For these reasons, the Motion to Dismiss filed by Defendant FedEx Supply Chain, Inc. (Doc. 8), is granted in part and denied in part. The motion is denied as to Counts I and II, and the claims of punitive damages. The motion is granted as to Counts III and IV. Counts III and IV are dismissed without prejudice for failure to state a claim.

**IT IS SO ORDERED.**

DATED: April 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**