IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WENDY BROOKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No.: 3:19-cv-00014-NJR-MAB |
| ) | |
| **FEDEX SUPPLY CHAIN, INC.** and ) | |
| **THEODORE SINGLETON,** ) | |
| ) | |
| **Defendants**. ) | |

## DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS DIRECTED TO PLAINTIFF WENDY BROOKS

COMES NOW Defendant FedEx Supply Chain, Inc. ("FedEx"), by and through its undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure, and propounds the following Requests for Admissions to Plaintiff Wendy Brooks, to be answered under oath within 30 days from the date of service, or on any earlier date as ordered by the Court or agreed to by and between the parties.

If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to these Requests for Admissions, each of the matters which an admission is requested will be deemed admitted.

For each request you do not admit, the answers shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. The answering party may not give lack of information as a failure to admit or deny unless he or she states that he or she has made a reasonable inquiry and that the information known or readily obtainable by him or her is insufficient to enable him or her to admit or deny.

## DEFINITIONS

1. As used herein, "communication" means all occasions upon which information was conveyed from one person to another: (a) by means of a document, such as a letter; (b) by electronic means, such as e-mail or text message; or (c) verbally, including by means of a telephone or other mechanical means.

2. "You" or "Plaintiff" means Plaintiff Wendy Brooks and all representatives, agents, and all persons acting on her behalf.

3. "FedEx" means Defendant FedEx Supply Chain, Inc., and includes all persons acting, or purporting to act, on behalf of FedEx.

4. "Singleton" means Defendant Theodore Singleton.

5. The terms "employed" or "employment" shall include not only employment relationships, but also independent contractor relationships, consulting relationships, or any other relationship by which remuneration was received for services or products rendered.

## REQUESTS FOR ADMISSIONS

1. Admit you are currently employed by FedEx.

**ANSWER:**


2. Admit you have been employed by FedEx continuously since June 2013.

**ANSWER:**


3. Admit FedEx has never terminated your employment.

**ANSWER**:

4.     Admit you do not have any communications from Singleton in your possession, custody or control, including but not limited to, text messages or photographs sent via mobile or cellular telephone.

**ANSWER**:

5.     Admit you do not have any communications in your possession, custody or control, which evidence harassment of any type by Singleton.

**ANSWER**:

6.     Admit you do not have any mobile or cellular telephone you owned or leased in the years 2015, 2016 and 2017, in your possession, custody or control.

**ANSWER**:

7.     Admit you do not have copies of any communications related to your employment at FedEx, including but not limited to, text messages or photographs, received on any mobile or cellular telephone you owned or leased in the years 2015, 2016 and 2017, in your possession, custody or control.

**ANSWER**:

8.     Admit you do not have copies of any communications from Singleton, including but not limited to, text messages or photographs, received on any mobile or cellular telephone you owned or leased in the years 2015, 2016 and 2017, in your possession, custody or control.

**ANSWER**:

9. Admit you never initiated a complaint of sexual harassment to FedEx.

**ANSWER**:

10. Admit you never requested investigation of sexual harassment from FedEx.

**ANSWER**:

11. Admit your rate of pay has not decreased at any time from January 1, 2017 to the present.

**ANSWER:**

12. Admit the amount of hours you have been scheduled to work has not decreased at any time from January 1, 2017, to the present.

**ANSWER:**

13. Admit you have not been demoted at any time from January 1, 2017, to the present.

**ANSWER:**

14. Admit you have not been disciplined at any time from January 1, 2017, to the present.

**ANSWER:**

15. Admit Singleton did not have authority to hire you with regards to your employment at FedEx in any way.

**ANSWER:**


16. Admit Singleton did not have authority to fire you with regards to your employment at FedEx in any way.

**ANSWER:**


17. Admit Singleton did not have authority to promote you with regards to your employment at FedEx in any way.

**ANSWER:**


18. Admit Singleton did not have authority to demote you with regards to your employment at FedEx in any way.

**ANSWER:**


19. Admit Singleton did not have authority to transfer you with regards to your employment at FedEx in any way

**ANSWER:**


20. Admit Singleton did not have authority to set your work schedule with regards to your employment at FedEx in any way.

**ANSWER:**

21. Admit Singleton did not have authority to issue discipline to you with regards to your employment at FedEx in any way.

**ANSWER:**


22. Admit Singleton was a lead worker, but was not your supervisor.

**ANSWER:**

Respectfully submitted,

s/ Joseph M. Wientge, Jr.
Joseph M. Wientge, ARDC# 6288708
jwientge@littler.com
Lillian T. Manning, ARDC# 6322842
**LITTLER MENDELSON, P.C.**
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone:  314.659.2000
Facsimile:  314.659.2099

Attorneys for Defendant
FedEx Supply Chain, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2019, a copy of the foregoing was served via U.S. mail, postage prepared, to:

Michael J. Brunton
Mary M. Stewart
BRUNTON LAW OFFICE, P.C.
819 Vandalia (HWY 159)
Collinsville, IL 62234

*Attorneys for Plaintiff*

Theodore Singleton
2068 Ranchdale Drive
St. Louis, MO 63136

*Pro Se Defendant*

s/ Joseph M. Wientge, Jr.

FIRMWIDE:165194461.4 096942.1005