IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY BROOKS,<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX SUPPLY CHAIN, INC., and THEODORE SINGLETON,<br><br>        Defendants, | Case No. 19-CV-14-NJR |
| JAMES DEMORO,<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX SUPPLY CHAIN, INC., and THEODORE SINGLETON,<br><br>       Defendants | Case No. 19-CV-532-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are identical Motions to Consolidate Discovery filed by Plaintiffs Wendy Brooks and James DeMoro in their respective cases. Defendants FedEx Supply Chain, Inc. ("FedEx") and Theodore Singleton oppose the motions. For the reasons set forth below, the motions are denied.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Wendy Brooks alleges she experienced sexual harassment from male coworkers and supervisors on a continuous basis while employed with Defendant FedEx

Supply Chain, Inc., in Edwardsville, Illinois (Doc. 1-1, p. 1 of SDIL Case No. 19-CV-14-NJR) (hereafter referred to as "Brooks case"). Brooks alleges that Defendant Theodore Singleton, a coworker and supervisor, subjected her to unwelcome sexually suggestive remarks, gestures, and physical contact (*Id.* at p. 13). Brooks claims that she reported the harassment to her managers, and she filed a complaint with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission (*Id.* at pp. 2, 13-20). Brooks contends that FedEx then terminated her in retaliation for the complaints (*Id.* at pp. 14, 19).

In DeMoro's complaint, he alleges he was terminated from FedEx in retaliation for reporting the sexual harassment aimed at Brooks to his managers (Doc. 1-1 of SDIL Case No. 19-CV-532-NJR) (hereafter referred to as "DeMoro case"). He further claims that Defendants violated the Family Medical Leave Act and that Singleton intentionally interfered with his economic advantage (*Id.*).

Through their shared counsel, Brooks and DeMoro now ask this Court to consolidate their respective cases for discovery. In support, Brooks and DeMoro state that both cases involve the same Defendants, both cases have similar allegations, Brooks and DeMoro are witnesses in each other's cases, many of the other witnesses in both cases should be the same, and the cases have similar discovery schedules (Doc. 69 of Brooks case, Doc. 27 of DeMoro case). Defendants disagree, arguing that the similarities between the two cases end with the commonality in Defendants, counsel, and a retaliation claim in the respective complaints, calling into question any convenience and conservation of judicial resources. (Doc. 70 of Brooks case, Doc. 28 of DeMoro case).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 permits to consolidate actions involving "a common question of law or fact[.]" The Supreme Court has recognized that district courts have "substantial discretion" in deciding when to consolidate cases. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Illinois Cent. R. Co.*, 2009 U.S. Dist. LEXIS 49539 at *3 (S.D. Ill. June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

## ANALYSIS

Brooks and DeMoro seek to consolidate for discovery purposes, noting that the two cases in this Court have the same Defendants, similar allegations, and, likely, common witnesses. Discovery of shared evidence will need to be duplicated in separate actions. Defendants opposes consolidation, noting that the two cases involve different claims of sexual harassment and wrongful termination, while the common claim of retaliation does not require any common testimony because Brooks and DeMoro must separately establish their complaints about the alleged harasser, Singleton, to show engagement in a protected activity. Defendants also questions Brooks and DeMoro's assertion that many witnesses should be the same for both cases because they provide no basis for it.

The Court agrees with Defendants on both fronts. Even though Defendants and counsel for all parties are the same, DeMoro asserts claims of wrongful termination, violation of the FMLA, and intentional interference of economic advantage, while Brooks

alleges sexual harassment and retaliation. Even Plaintiffs' retaliation claims, which are alleged in both cases, lack commonality supporting consolidation based on the elements of retaliation under Title VII. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). Brooks and DeMoro also fail to give the Court any specific information as to who their similar witnesses will be or why they would be the same.

For these reasons, the Court finds that consolidation is inappropriate. The Court notes, however, that FedEx is willing to cooperate with Plaintiffs and agree on the use of certain evidence in both cases. *See McKnight v. Illinois Cent. R. Co.*, No. 09-cv-201-DRH, 2009 WL 1657581, *1 (S.D. Ill. June 12, 2009) (finding formal consolidation inappropriate but recognizing the parties could "avoid overlapping, redundant discovery by agreeing to stipulate to the use of certain discovery items produced in one case for use in the other case."). To that end, the Court encourages the parties to mutually agree on the use of overlapping evidence in both cases, where appropriate.

## Conclusion

For the reasons set forth above, the Court **DENIES** the Motion to Consolidate Discovery filed by Plaintiff Wendy Brooks in Case No. 19-CV-14-NJR (Doc. 69) and the Motion to Consolidate Discovery filed by Plaintiff James DeMoro in Case No. 19-CV-532-NJR (Doc. 27).

IT IS SO ORDERED.

DATED:  July 22, 2020

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**